UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES OF AMERICA, *et al.*, ) ) Defendants. ) ) | Civil Action No. 08-1572 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on (1) the motion of Commonwealth of the Northern Mariana Islands Descent for Self-Government and Indigenous Rights, Inc. ("CNMI Descent") to file a brief and participate in this action as *amicus curiae*, (2) CNMI Descent's request for time to present oral argument at the upcoming motions hearing, and (3) the parties' joint motion for entry of an order governing the presentation of oral argument at the upcoming motions hearing.[1]  The Court will grant CNMI Descent's motion to file a brief and participate as *amicus curiae*, deny CNMI Descent's request for time to present oral argument, and modify the parties' proposed schedule governing the presentation of oral argument at the upcoming motions hearing.  The Court will also reschedule the upcoming motions hearing to begin at 9:30 a.m. (rather than 10:00 a.m.) on March 12, 2009.

---

[1]  Plaintiff does not oppose CNMI Descent's motion to participate as *amicus curiae*. See Plaintiff's Response to Motion by CNMI Descent for Leave to Participate as *Amicus Curiae*. Defendants do oppose that motion.  See Defendants' Opposition to Motion for Leave to Participate as *Amicus Curiae*.

As all acknowledge, this Court has "broad discretion" in determining whether to permit a party to participate in a lawsuit as *amicus curiae*. Nat'l Ass'n of Home Builders v. United States Army Corps of Engineers, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). The filing of an *amicus* brief should be permitted if it will assist the judge "by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." Voices for Choices v. Illinois Bell Telephone Co., 339 F.3d 542, 545 (7th Cir. 2003). See also Ryan v. Commodity Futures Trading Commission, 125 F.3d 1062, 1063 (7th Cir. 1997) ("An *amicus* brief should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."). Such briefs generally are not permitted where they present "no unique information or perspective" that could assist the Court. Georgia v. Ashcroft, 195 F. Supp. 2d 25, 33 (D.D.C. 2002) (three-judge court), *vacated on other grounds*, 539 U.S. 461 (2003).

Upon careful consideration, the Court concludes that CNMI Descent's proposed *amicus* brief will assist the Court in this matter because it includes unique arguments not to be found in the parties' briefs. The Court therefore will permit CNMI Descent to participate in this matter as *amicus curiae* by filing its proposed *amicus* brief. The Court further concludes, however, that it need not hear oral argument from CNMI Descent at the upcoming motions hearing in order to obtain the full benefit of CNMI Descent's views. For that reason, the Court will not permit CNMI Descent to present oral argument at the upcoming motions hearing.

Accordingly, it is hereby

ORDERED that CNMI Descent's Motion for Leave to Participate as *Amicus Curiae* [29] is GRANTED.  CNMI Descent shall be permitted to participate in this matter as *amicus curiae* by filing its proposed *amicus* brief; it is

FURTHER ORDERED that CNMI Descent's Request for Time to Present Oral Argument [44] is DENIED; it is

FURTHER ORDERED that the motions hearing, currently scheduled to begin at 10:00 a.m. on March 12, 2009, will instead begin at 9:30 a.m. on March 12, 2009; and it is

FURTHER ORDERED that the following schedule shall govern the presentation of oral argument at the upcoming motions hearing:

1.  Plaintiff shall make a 40-minute presentation of its claims and its arguments in support of its motion for a preliminary injunction.

2.  Defendants shall make a 40-minute argument in support of their motion to dismiss and in opposition to plaintiff's motion for a preliminary injunction.

3.  The Court will recess for 15 minutes.

4.  Plaintiff shall make a 20-minute rebuttal in opposition to defendants' motion to dismiss and in reply to defendants' opposition to plaintiff's motion for a preliminary injunction.

5.  Defendants shall make a 20-minute rebuttal in reply to plaintiff's opposition to defendants' motion to dismiss.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 6, 2009